United States Bankruptcy Court
Eastern District of Virginia
Richmond Division

In Re:                                                BCN#: 17-35168-KRH
Tracy Wayne Simmons and Debra Grace                   Chapter: 13
Simmons
     Debtors
_____
Wilmington Savings Fund Society, FSB, as
trustee of Upland Mortgage Loan Trust A
or present noteholder,
     Movant/Secured Creditor,
v.
Tracy Wayne Simmons and Debra Grace
Simmons
     Debtors
and
Carl M. Bates
     Trustee
     Respondents


**<u>Consent Order Modifying Automatic Stay</u>**

This matter was before the court on May 2, 2018, on the motion of Wilmington Savings Fund Society,

FSB, as trustee of Upland Mortgage Loan Trust A, for relief from the automatic stay with respect to the

real property located at 11031 Wooferton Court, Midlothian, VA 23112 and more particularly described

as follows:

Gregory N. Britto, Esquire
VSB #23476
William M. Savage, Esquire
VSB #26155
Malcolm B. Savage, III, Esquire
VSB #91050
Thomas J. Gartner, Esquire
VSB #79340
Mary F. Balthasar Lake, Esquire
VSB #34899
Leonard C. Tengco, Esquire
VSB #76395
Shapiro & Brown, LLP
501 Independence Parkway, Suite 203
Chesapeake, Virginia 23320
(703) 449-5800
17-270140

ALL that lot, piece or parcel of land lying and being in Matoaca District, Chesterfield County, Virginia known and designated as Lot45 all as shown on a plat prepared by E. D. Lewis & associates, P. C., entitled "Colllington Section 7", dated June 13, 2005, recorded December 6,2005 in the Clerk's Office, Circuit Court, Chesterfield County, Virginia in Plat book 160, pages 82 through 87 to which reference is made for a more particular description.

BEING the same real estate conveyed to Tracy W. Simmons and Debra Simmons, husband and wife, by deed from W. V, McClure, Inc., a Virginia corporation, t/a Main Street Homes, dated November 7, 2006 and recorded in the Clerk's Office, Circuit Court, Chesterfield County, Virginia, immediately prior hereto.

Upon consideration of which, it is **ordered:**

1.  The debtor will resume making regular monthly installment payments in the amount of $1,997.51 as they become due commencing on 05/01/18.

2.  The debtor will cure the post-petition arrearage currently due to the movant through 04/01/18 in the total amount of $13,016.06, which includes payments from November 1, 2017 to April 1, 2018 in the amount of $1,997.51 each, attorney fees in the amount of $850.00, filing fees in the amount of $181.00, by completing the following payments:

    a.    That the Debtor(s) shall place arrears of $13,016.06 into an amended plan to be filed within twenty-one (21) days of entry of this order. It is further ordered and agreed that the Movant, upon receipt of the aforesaid amended plan, shall be allowed to file an amended proof of claim reflecting both the pre-petition and post-petition arrears to be paid pursuant to this consent order.

3.  It is further ordered and agreed that should the Debtor fail to timely file an amended plan allowing for the pre-petition and post-petition arrears as outlined in this order, or should any proposed amended plan fail to be confirmed, or should the Debtor default for a period of thirty days in making future monthly post-petition payments, commencing with the payment due May 1, 2018, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    a.   That the debtor is in default in making at least one payment required under this order;

    b.   The date and amount of each payment missed and any late charge or other fees necessary to cure default;

    c.   The action necessary to cure the default, including any address to which payments must be mailed;

    d.   That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:

        i.   Cure the default

        ii.   File an objection with the court stating that no default exists; or

        iii.   File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

    e.   That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and;

    f.   That if the automatic stay is terminated, the collateral may be sold at foreclosure.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4.   The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

5.   Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

6.   The automatic stay is modified to permit the note holder or servicing agent to send the

debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment

changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or

demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7.    Should the Debtor default pursuant to the terms herein contained, unless otherwise ordered

by this court, the Movant shall be entitled to reasonable attorneys fees in the amount of $50.00 for

issuance of a notice of default, and an additional $100.00 for issuance of a certificate of default and

preparation of an order terminating the automatic stay.

May 17 2018
_____
Date
Bankruptcy Court

/s/ Kevin R Huennekens
_____
The Honorable Kevin R Huennekens, U.S.

United States Bankruptcy Judge

Notice of Judgment or      May 17 2018
Order Entered on Docket _____

I ask for this:

/s/ Mary F. Balthasar Lake
Gregory N. Britto, Esquire
Malcolm B. Savage, III, Esquire
William M. Savage, Esquire
Thomas J. Gartner, Esquire
Mary F. Balthasar Lake, Esquire
Leonard C. Tengco, Esquire
Counsel for Movant

Seen & Agreed:

/s/ Julia Bonham Adair, with express permission
Julia Bonham Adair, Hathaway Adair, P.C, Counsel for Debtor(s)

Seen:

/s/ Carl M. Bates, with express permission
Carl M. Bates, Trustee

I certify that I have served the proposed Order upon all necessary parties to the action by first class mail, postage prepaid, on the 11th day of May, 2018.


/s/ Mary F. Balthasar Lake
Gregory N. Britto, Esquire
Malcolm B. Savage, III, Esquire
William M. Savage, Esquire
Thomas J. Gartner, Esquire
Mary F. Balthasar Lake, Esquire
Leonard C. Tengco, Esquire
Counsel for Movant

Copies are to be sent to:

Shapiro & Brown, LLP
501 Independence Parkway, Suite 203
Chesapeake, Virginia 23320

JULIA BONHAM ADAIR
HATHAWAY ADAIR, P.C
710 N. HAMILTON STREET
SUITE 200
Richmond, VA 23221

Carl M. Bates
P. O. Box 1819
Richmond, VA 23218

Tracy Wayne Simmons
11031 Wooferton Court
Midlothian, VA 23112

Debra Grace Simmons
11031 Wooferton Court
Midlothian, VA 23112

## CERTIFICATION

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modification, addition, or deletion has been made except to add the chapter 13 plan language.


/s/ Mary F. Balthasar Lake
Gregory N. Britto, Esquire
Malcolm B. Savage, III, Esquire
William M. Savage, Esquire
Thomas J. Gartner, Esquire
Mary F. Balthasar Lake, Esquire
Leonard C. Tengco, Esquire
Attorney for Movant


## CERTIFICATION

Pursuant to Local Rule 9022-1(C), I hereby certify that all necessary parties have endorsed the above order.


/s/ Mary F. Balthasar Lake
Gregory N. Britto, Esquire
Malcolm B. Savage, III, Esquire
William M. Savage, Esquire
Thomas J. Gartner, Esquire
Mary F. Balthasar Lake, Esquire
Leonard C. Tengco, Esquire
Attorney for Movant


17-270140